VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket Nos. 25-ENV-00094
25-ENV-00095



| 311 & 315 Lake St. Site Plan review |
| --- |

## ENTRY REGARDING MOTION

Title:      Motions to Amend Statements of Questions (Motion: #2)

Filer:      Harold B. Stevens, attorney for Appellants Eve and Daniel Williams

Filed Date:      March 17, 2026

Oppositions to Appellants' Motion to Amend Statement of Questions, filed on March 18 and 26, 2026, by Chad V. Bonnani, attorney for Appellees Corey Parent and 315 Lake Street, LLC

Reply to Opposition to Motion to Amend Statement of Questions, filed March 29, 2026, by Harold B. Stevens

**The motions are DENIED.**

Before the Court are Eve and Daniel Williams' (Appellants) coordinated appeals from the City of St. Albans (City) Development Review Board (DRB) decisions approving, with conditions, two separate applications by Corey Parent and 315 Lake Street LLC (together, Appellees) for site plan approval. The applications request approval to convert a three-dwelling household to a four-dwelling household at 315 Lake Street (Docket No. 25-ENV-00094) and to convert a single-dwelling household to a four-dwelling household at 311 Lake Street (Docket No. 25-ENV-0095), respectively. Appellants presently seek to amend their Statements of Questions filed in each docket for the second time.

Appellants initiated their appeals on October 7, 2025 and filed their original Statements of Questions, each consisting of a single question, on October 21, 2025.[1] During the initial status conference in these cases on November 17, 2025, the Court found that both Statements of Questions assumed an improper standard of review and required more detail to put the other parties and the Court on notice regarding the issues on appeal. The Court gave Appellants an additional seven days to file revised Statements of Questions in both cases. On November 20, 2025, Appellants filed revised

---

[1] Appellants' original Statement of Questions in each docket asked: "Did the DRB err in finding that the application was complete and in compliance with relevant standards and requirements of the zoning regulations?"

Statements of Questions in each case, each consisting of six Questions for resolution by the Court.[2] On February 19, 2026, Appellees moved for summary judgment in both above-referenced dockets, asking the Court to grant judgment in their favor on all six questions contained in each of the Statements of Questions. Thereafter, on March 17, 2026, Appellants moved to amend their Statements of Questions in both cases for a second time, stating in identical, single-sentence filings that the requested amendments were "due to issues raised in Appellees' motion for summary judgment." Appellants do not identify the issues that they are referring to, nor do they provide any other legal analysis to justify the requested amendments. Appellants have opposed the motions to amend.[3]

Appellants' Second Amended Statement of Questions in Docket No. 25-ENV-00094 seeks to modify Questions 1, 5 and 6 and to add Question 7 regarding whether a four-unit dwelling is in keeping with the character of the neighborhood.[4] For the reasons stated in Footnote 3, it is not clear what further amendments Appellants are seeking to their Amended Statement of Questions in Docket No. 25-ENV-00095 because the proposed Second Amended Statement of Questions in this docket is the same as in the 25-ENV-00094 docket and makes little sense in this context.

A Statement of Questions "functions as a cross between a complaint filed before the Civil Division and a statement of issues filed before the Vermont Supreme Court." In re Conlon CU Permit, No. 2-1-12 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. May 10, 2012) (Durkin, J.) (citation omitted). Like a civil complaint, it puts other parties on notice of the issues to be decided during litigation; like an appeal to the Vermont Supreme Court, it limits the scope of issues to be addressed. Id; V.R.E.C.P. 5(f). Appellants to the Environmental Division may also amend their Statement of Questions once as a matter of course in accordance with V.R.C.P. 15(a), as with a complaint in a civil proceeding. Blue Flame Gas Co. Inc. Site Plan & Conditional Use Application, No. 20-ENV-00011, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Dec. 6, 2021) (Durkin, J.).

After the period provided by V.R.C.P. 15(a) passes, as it has in this matter, the Court may still allow amendments through pretrial orders. See V.R.E.C.P. 5(f); In re Laberge Shooting

---

[2] While some of the issues (e.g., parking, setbacks, screening) in the two cases are similar, the Amended Statements of Questions in each case contain different Questions.

[3] The proposed Second Amended Statements of Questions filed to support the pending motions contained errors as to the appropriate docket and project at issue in the respective appeals. Appellants amended the docket number issue in response to Court staff inquiry. That said, the substantive proposed amended Questions filed in both appeals are the same and do not make sense in the 25-ENV-00095 docket.

[4] While not substantive, proposed amended Questions 5 and 6 contain typographical errors that the Court will not address.

Range, No. 96-8-16 Vtec, slip op. at 2–3 (Vt. Super. Ct. Envtl. Div. Jan. 4, 2017) (Walsh, J.). While remaining "mindful of the Vermont tradition of liberally allowing amendments to pleadings," the Court evaluates the appropriateness of proposed amendments in relation to certain factors. Colby v. Umbrella, Inc., 2008 VT 20, ¶ 4, 184 Vt. 1. We may deny a motion where "there has been undue delay or bad faith, prejudice will result, or the amendment is futile." Burns 12 Weston St. NOV, No. 75-7-18 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Aug. 8, 2019) (Durkin, J.). (citing Colby, 2008 VT 20, ¶ 4). An amendment may be futile, for example, if it would not survive a motion to dismiss. Werner Conditional Use, No. 44-4-16 Vtec, slip op. at 7 (Vt. Super. Ct. Envtl. Div. Aug. 31, 2016) (Durkin, J.) (citing Prive v. Vt. Asbestos Grp., 2010 VT 2, ¶ 13, 187 Vt. 280); Zlotoff Foundation Inc. NOV (2), No. 69-6-19 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Sept. 24, 2020) (Durkin, J.) (denying leave to add questions raising issues outside the scope of our Court's jurisdiction).

In this case, Appellants filed a motion to amend their Statement of Questions for the second time almost four months after filing their Amended Statements of Questions and approximately one month after the Appellees had moved for summary judgment on the issues contained in the Amended Statements of Questions. The timing of the motion to amend is problematic because it comes after Appellees had expended time and resources preparing and filing motions for summary judgment in reliance on Appellants' Amended Statements of Questions.[5]

Additionally, allowing further amendments at this stage of these proceedings would clearly prejudice Appellees, who would potentially be required to revise their summary judgment filings to address new and different claims by Appellants. Further, Appellants' motions to amend were filed only days before their responses to the Appellees' summary judgment motions were due and appear to be predicated on responding to, or avoiding substantively responding to, the issues raised by Appellees' motion. This timing, coupled with the very limited legal analysis provided by Appellants to justify the motion to amend under the relevant standards, leads the Court to conclude that the motion was tactical in nature and intended to avoid or delay the consequences of summary judgment. See V.R.C.P. 7(b)(1) (motions shall "state with particularity the grounds therefor including a concise statement of the facts and law relied on"). Therefore, even without fully analyzing Appellees' arguments relating to futility of amendments, which the Court believes may have merit,[6] the Court

_____

[5] By their most recent proposed amendments, Appellants seek to raise new issues not addressed by the summary judgment filings.

[6] For example, as Appellees correctly note, character of the area does not appear to be a proper site plan review criteria under the City's Land Development Regulations (Regulations), except where setback waivers are requested.

concludes that it would be inappropriate to allow further amendment under the circumstances present here. Accordingly, for all these reasons, Appellants' motions to amend their Statement of Questions are **DENIED.**

Electronically signed on April 2, 2026, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division

---

Regulations at § 604.A. Similarly, the Regulations do not appear to require screening for buildings. Thus, the proposed amendments to Questions 6 and 7, at least, appear likely futile because they appear to raise issues outside the scope of the applications before the Court.